UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Robert E. Bailiff, and all others similarly situated,**<br><br>　　　　　　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**Village of Downers Grove,**<br><br>　　　　　　　　　　**Defendant.** | Case No. 11-3335<br>Honorable Sheila Finnegan<br>Judge Presiding |

### ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

　　Defendant, VILLAGE OF DOWNERS GROVE, a Municipal Corporation, by and through its attorneys, JOHNSTON GREENE LLC, states as follows as its Answer and Affirmative Defenses:

　　1. This class action seeks declaratory and injunctive relief and monetary damages against Defendant Village of Downers Grove ("Downers Grove") for violations of the Plaintiff's, and others similarly situated, civil rights guaranteed under the due process clause of the Fourteenth Amendment, through their jail intake booking fee policy pursuant to 42 U.S.C. §§ 1983 and 1988. Defendant's policies regarding the collection of jail intake fees is illegal in that it violates Mr. Bailiffs, and others similarly situated, clearly established constitutional rights under the Fourteenth Amendment (not to be deprived of property without due process of law). Further, Downers Grove Municipal Code 17.3.2 is facially unconstitutional.

**ANSWER:**　　Defendant denies that Downers Grove Municipal Code 17.3.2 is unconstitutional, facially or otherwise, and denies that its policies regarding the collection of jail intake fees are illegal. Defendant admits that the case has been filed as a class action and that a motion for class certification is currently pending.

　　2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1361, 28 U.S.C. § 2201, and 5 U.S.C. § 702.

**ANSWER:**　　Defendant denies that this Court has jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. §1341. Furthermore, 5 U.S.C. §702 is inapplicable even if this Court had federal question jurisdiction.

　　3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) (2), (e) (2)-(3).

**ANSWER:**　　Because jurisdiction is lacking, Defendant denies that venue is proper. If jurisdiction were proper, then venue would be appropriate in this Court.

4. This action is brought pursuant to the Fourteenth Amendment to the United States Constitution, Downers Grove Municipal Code 17.3.2, 42 U.S.C. §§ 1983 and 1988.

**ANSWER:** Defendant admits that Plaintiff claims the action is brought under §1983, which is a vehicle for raising claims for alleged violations of federal statutory or constitutional rights. Defendant denies that either the Municipal Code or §1988 provide for independent rights.

5. All acts complained of herein occurred in Downers Grove, Illinois.

**ANSWER:** Admit.

6. Plaintiff Robert E. Bailiff is an individual residing in Downers Grove, Illinois, which is within the Northern District of Illinois and he has been a resident of Downers Grove at all times relevant herein.

**ANSWER:** Admit.

7. Defendant Downers Grove is a political subdivision and/or municipal corporation and is located within the Northern District of Illinois. The United States Census Bureau estimated that as of July 1, 2008, Downers Grove had a population of 49,250.

**ANSWER:** Admit.

8. The Village of Downers Grove enacted Municipal Code 17.3.2, which states: "An administrative fee of thirty dollars ($30.00) shall be imposed upon an arrestee when posting bail or bond for any criminal, Village ordinance or bookable arrest, including, but not limited to warrants."

**ANSWER:** Admit.

9. Downers Grove Municipal Code 17.3.2 is still in force.

**ANSWER:** Deny. The collection of booking fees has been administratively suspended.

10. The booking fee authorized by Downers Grove Municipal Code 17.3.2 is a mandatory payment amounting to a fine or penalty for being arrested.

**ANSWER:** Deny.

11. The policy authorizes Downers Grove to convert the money collected as a booking fee for its use and benefit without a hearing.

**ANSWER:** Deny.

12. The policy does not provide for a pre-deprivation hearing or any other opportunity

for the arrestee to contest the seizure and conversion of his or her money.

**ANSWER:** Defendant admits that no "pre-deprivation" hearing is provided as none is required, and denies all remaining averments.

13. There is no reimbursement policy. Thus, even if the arrestee's criminal charges are dropped or the arrestee is ultimately acquitted, the Village keeps the booking fee.

**ANSWER:** Defendant admits that there is no written policy regarding reimbursements for the booking fee. Defendant denies that a booking fee is obtained in all cases, including cases in which criminal charges are dropped or the arrestee is acquitted. Defendant denies any remaining averments.

14. On or about May 31, 2009, the Plaintiff was arrested and charged with domestic battery.

**ANSWER:** Admit.

15. He was taken to the Downers Grove jail.

**ANSWER:** Deny. Answering further, the Plaintiff voluntarily came to the Downers Grove Police Station; after questioning, he was arrested and booked at the station; he was then taken to the DuPage County Jail.

16. Upon being booked, the arresting officer took $30.00 from Mr. Bailiff's wallet for Downers Grove's use and benefit. Mr. Bailiff received an administrative booking fee receipt, which is attached as Exhibit A.

**ANSWER:** Defendant denies the first sentence in paragraph 16. Defendant admits that Plaintiff received an administrative booking fee receipt.

17. A criminal case was opened against Plaintiff on June 1, 2009, but the case was dismissed on January 3, 2011 for *nolle prosequi*.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17.

18. Plaintiff's funds were not returned to him after his criminal case was dismissed.

**ANSWER:** Admit.

19. At the time of his release, Mr. Bailiff was not provided with any means to get his funds back.

**ANSWER:** Deny.

20. Plaintiff's attorney made a demand for the return of the booking fee that Downers Grove took from Plaintiff. *See* Exhibit 2. Downers Grove did not respond to the demand.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20. Answering further, Defendant never received the alleged letter and therefore could not respond to the alleged demand.

21. To date, Defendant Downers Grove has not refunded the seized money or the interest on Mr. Bailiff's seized money, nor has it compensated him for the consequences of taking his money.

**ANSWER:** Defendant admits that it has not "compensated" Plaintiff as compensation is not necessary and admits that it has not paid interest as interest need not be paid. Defendant admits that the $30 has not been returned as it was unaware that there was such a request, until it received the alleged letter attached to Complaint.

22. Since enacting Municipal Code 17.3.2, Downers Grove has seized and converted to its own use thousands of dollars from hundreds of arrestees under the same procedures used with Mr. Bailiff, including failure to provide adequate notice and an adequate pre-deprivation hearing.

**ANSWER:** Defendant denies that it has failed "to provide adequate notice and an adequate pre-deprivation hearing," and affirmatively states that a pre-deprivation hearing is not necessary. Defendant admits that it has obtained thousands of dollars from arrestees, but denies the remaining averments.

23. Plaintiff re-alleges all matters set forth above.

**ANSWER:** Defendant incorporates and re-alleges its answers as if fully stated herein.

24. Mr. Bailiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), (3). The Plaintiff provisionally proposes the following class definition:

> All individuals who were deprived of their property pursuant to Downers Grove Municipal Ordinance 17.3.2 without being provided the constitutionally guaranteed due process of law.

**ANSWER:** Defendant admits that Plaintiff brings this case as a putative class action, but denies that the class definition is appropriate or that the requirements of Rule 23 have been met. Answering further, Defendant states that Plaintiff lacks standing to seek and obtain declaratory and injunctive relief and consequently cannot obtain certification under Rule 23(b)(2). Additionally, booking fees are no longer being collected.

25. This is an appropriate class action because the proposed class is so numerous that joinder of all members in impracticable.

**ANSWER:** Deny.

26. There are questions of law and fact common to the class, including whether Defendant's actions violate Plaintiff s procedural due process rights under the Fourteenth Amendment of the U.S. Constitution.

**ANSWER:** Deny.

27. The claims of the Plaintiff are typical of the claims of the class.

**ANSWER:** Deny.

28. The named Plaintiff will fairly and adequately protect the interest of the class.

**ANSWER:** Deny.

29. The named Plaintiff has retained competent counsel with experience in class actions who are willing and able to protect the interest of the class.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29. Defendant admits that class counsel are competent and experienced class action attorneys.

30. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief and monetary damages with respect to this class as a whole.

**ANSWER:** Deny.

31. Plaintiff re-alleges all matters set for in paragraphs 1 through 30, above.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 – 30 as if fully stated herein.

32. The actions Defendant Downers Grove complained of above were taken under color of state law. These actions constitute clearly established violations of the Fourteenth Amendment right to be free from the deprivation of property without due process of the law.

**ANSWER:** Defendant admits that its actions were taken under color of law, but denies all remaining averments.

33. The Defendant's official intake fee collection policy violates Plaintiffs rights

under the Fourteenth Amendment of the U.S. Constitution for several reasons:

    a. It does not provide him with adequate notice of the seizure and conversion of his property and his attendant rights;

    b. It does not provide an opportunity to object to the seizure and conversion of his property, and to assert a reason, such as indigent status or exempt source of funds, that may prevent Downers Grove from taking and converting his money; and

    c. It does not provide any type of hearing prior to the deprivation of the property.

**ANSWER:** Deny.

34. Furthermore, there are no procedural safeguards guaranteeing that Mr. Bailiffs property (or anyone else's) will be returned if he is not charged, or if he is acquitted.

**ANSWER:** Deny.

35. Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. § 2201 that Downers Grove Municipal Code 17.3.2 is unconstitutional.

**ANSWER:** Deny.

36. Plaintiff is entitled to a preliminary and permanent injunction under the traditional equitable criteria: 1) there is a strong likelihood that Plaintiff will succeed on the merits; 2) there is a possibility of irreparable injury to the plaintiff, and others similarly situated, if injunctive relief is not granted; and 3) the hardship placed on the Plaintiff by Downers Grove Municipal Code 17.3.2 outweighs the public interest of maintaining the Defendant's policy.

**ANSWER:** Deny.

37. Defendant acted intentionally, knowingly, and/or with reckless or careless disregard and/or deliberate indifference to Plaintiffs constitutional rights.

**ANSWER:** Deny.

38. Defendant is liable for damages, costs and attorneys' fees under 42 U.S.C. §§ 1983, 1988.

**ANSWER:** Deny.

39. Neither Plaintiff nor other class members were required to exhaust their administrative remedies for these 42 U.S.C. § 1983 claims.

**ANSWER:** Defendant admits that exhaustion of administrative remedies is not a prerequisite to filing an action under 42 U.S.C. §1983.

56. [sic] Downers Grove's illegal seizure and conversion of money from Mr. Bailiff and other class members proximately caused special damages in the amount of money taken, prejudgment interest in an amount to be proven at trial, consequential damages in an amount to be proven at trial, and nominal damages.

**ANSWER:** Deny.

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief can be granted.
2. The class allegations pursuant to the class definition are barred by the statute of limitations.
3. The Plaintiff's claim is barred by the voluntary payment doctrine.

## RULE 12(h)(3) STATEMENT

1. The Plaintiff lacks standing to seek declaratory and injunctive relief pursuant to *Lyons v. City of Los Angeles* and its progeny.
2. This Court lacks jurisdiction to hear this case pursuant to the Tax Injunction Act, 28 U.S.C. §1341.

**Wherefore**, Defendant respectfully requests that this Court dismiss this case for lack of jurisdiction, or alternatively, enter judgment in Defendant's favor.

Date: June 27, 2011

                                            **THE VILLAGE OF DOWNERS GROVE**

                            By:
                                  s/ Iain D. Johnston
                                  One of Its Attorneys

Iain D. Johnston
Johnston Greene LLC, Firm I.D. No. 44569
542 South Dearborn, Suite 1100
Chicago, IL 60605
(312) 341-3900