# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT E. BAILIFF, and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 11 C 3335 |
| VILLAGE OF DOWNERS GROVE, ) ) | Magistrate Judge Finnegan |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert E. Bailiff has filed suit under 42 U.S.C. § 1983 challenging the constitutionality of a Village of Downers Grove ordinance that requires individuals to pay an administrative booking fee if they are arrested in the Village. Plaintiff argues that the ordinance violates the Fourteenth Amendment's due process clause by failing to give arrestees proper notice and an opportunity to be heard. Currently before the Court is Plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3). For the reasons set forth here, the motion is granted.

## BACKGROUND[1]

Plaintiff, a resident of Downers Grove, Illinois, was arrested and charged with domestic battery on May 31, 2009. At the time of the arrest, a Village ordinance provided that "[a]n administrative fee of thirty dollars ($30.00) shall be imposed upon an arrestee when posting bail or bond for any criminal, Village ordinance or bookable arrest, including but not limited to warrants." Municipal Code 17.3.2. The Village claims that the fee was

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

designed to "defray[] some of the cost of processing and booking an arrestee," and that it only covered "about half the Village's cost." (Doc. 29, at 2). In any event, it is undisputed that the Village charged Plaintiff the $30 fee and provided him with an Administrative Booking Fee Receipt. (Doc. 7, Ex. 1).

The Village police department opened a criminal case against Plaintiff on June 1, 2009, but dismissed it on January 3, 2011 *nolle prosequi*. Several months later on May 18, 2011, Plaintiff filed this class action lawsuit because the ordinance has no provision for reimbursement, and the Village never gave him back his $30 booking fee. He seeks to represent:

> [a]ll individuals who were deprived of their property pursuant to Downers Grove Municipal Ordinance 17.3.2 without being provided the constitutionally guaranteed due process of law.

(Doc. 7, at 2). Though Plaintiff initially sought injunctive relief pursuant to Rule 23(b)(2), the Village has confirmed that it stopped imposing the booking fee in response to this lawsuit. (Doc. 29-1 ¶ 9). Plaintiff therefore asks the Court to certify a class under Rule 23(b)(3). The Village objects that the proposed class definition is overly broad, and that Plaintiff cannot satisfy some of the necessary requirements for certification. As discussed below, the Court finds that with a slight modification to the class definition, this case may proceed under Rule 23(b)(3).

## **DISCUSSION**

To obtain class certification, a plaintiff must demonstrate that "the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequacy of representation – and any one of the conditions of Rule 23(b)." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) (citing *Oshana v.*

*Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)). The court has broad discretion in determining whether to certify a class-action lawsuit, *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008), and "must make whatever factual and legal inquiries are necessary . . ., even if those considerations overlap the merits of the case." *American Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010) (citing *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)). In this case, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3); *Siegel*, 612 F.3d at 935.

**I.    Class Definition**

Before addressing the specific requirements of Rule 23, the Court first notes that there is an implied prerequisite that the class description be "sufficiently defined so that the class is identifiable." *Martinez v. Haleas*, No. 07 C 6112, 2009 WL 2916852, at *3 (N.D. Ill. Sept. 2, 2009). In that regard, the class definition "must not be so broad as to include individuals who are without standing to maintain the action on their own behalf.'" *Id.* (quoting *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005)). The Village argues that Plaintiff's proposed class definition violates this principle because it improperly includes members whose claims are barred by the applicable statute of limitations.

There is no dispute that "individuals with time-barred claims may not be included within a proposed class." *Daniels v. Federal Reserve Bank of Chicago*, 194 F.R.D. 609, 618 (N.D. Ill. 2000) (quoting *Sample v. Aldi Inc.*, No. 93 C 3094, 1994 WL 48780, at *4

(N.D. Ill. Feb. 15, 1994)). In Illinois, § 1983 claims such as Plaintiff's are subject to a two year statute of limitations. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Plaintiff filed this lawsuit on May 18, 2011, at which point the statute of limitations was tolled for all unnamed class members. *See Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 582 (7th Cir. 2008). Thus, the putative class can include any individual who was charged a booking fee on or after May 18, 2009.

The Village argues that the Court should deny class certification altogether because the class definition could be read to include potential plaintiffs who were arrested prior to May 18, 2009. (Doc. 29, at 5). Plaintiff disagrees that the definition is improper, but suggests that the Court modify the language to clarify the applicable time-frame. (Doc. 37, at 2) (citing *In re Motorola Sec. Litig.*, 644 F.3d 511, 518 (7th Cir. 2011) ("[A] district court has the authority to modify a class definition at different stages in litigation.")). The Court finds Plaintiff's proposed solution both appropriate and reasonable, and adopts the following class definition:

> [a]ll individuals who, on or after May 18, 2009, were deprived of their property pursuant to Downers Grove Municipal Ordinance 17.3.2 without being provided the constitutionally guaranteed due process of law.

With this modification, the Village's objection to certification based on the class definition is overruled.

## II.     Rule 23(a)

The Village does not dispute that Plaintiff has satisfied the requirements of Rule 23(a). Nevertheless, the Court addresses each element pursuant to its "independent obligation to decide whether an action brought on a class basis is to be so maintained." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (internal quotations

omitted). *See also Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (quoting *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982)) (the district court must conduct a "rigorous analysis" to ensure "actual, not presumed, conformance with Rule 23(a).").

    **A.    Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *See Spano v. The Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011). Plaintiff is not required to specify the exact number of individuals in the class, but he "cannot rely on conclusory allegations that joinder is impractical or speculation as to the size of the class in order to prove numerosity." *Chavez v. Don Stoltzner Mason Contractor, Inc.*, 272 F.R.D. 450, 453-54 (N.D. Ill. 2011) (quoting *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989)). There is no magic number requiring or barring a finding of numerosity, but "a class including more than 40 members is generally believed to be sufficient." *Barragan v. Evanger's Dog and Cat Food Co.*, 259 F.R.D. 330, 333 (N.D. Ill. 2009).

Plaintiff has submitted the 2008 Downers Grove Police Department Annual Report showing that there were approximately 1,977 arrests that year (consisting of 1,438 adult arrests and 539 juvenile arrests). (Doc. 7, Ex. C). The Village does not dispute this figure or suggest that the proposed class is too small for purposes of Rule 23(a)(1). On these facts, the Court is satisfied that the class is sufficiently numerous to warrant class treatment.

### B. Commonality

To establish the commonality requirement of Rule 23(a)(2), Plaintiff must show that "there are questions of law or fact common to the class." *See Groussman v. Motorola, Inc.*, No. 10 C 911, 2011 WL 5554030, at *3 (N.D. Ill. Nov. 15, 2011). This means that "class members have suffered the same injury" and have claims that "depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (internal quotations omitted). That common contention, moreover, "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Groussman*, 2011 WL 5554030, at *3 (quoting *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551).

Plaintiff argues that the class members all suffered a violation of their Fourteenth Amendment rights when the Village seized their property without due process of law. The putative plaintiffs all seek to redress the common question of whether the $30 booking fee is unconstitutional, and this is a central issue in the case. When, as here, "a question of law refers to standardized conduct by [the Village] toward members of the class, . . . the commonality requirement is usually met." *Westefer v. Snyder*, Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972, at *3 (S.D. Ill. Sept. 12, 2006) (quoting *Maxwell v. Arrow Fin. Servs., LLC*, No. 03 C 1995, 2004 WL 719278, at *4 (N.D. Ill. Mar. 31, 2004)). As with the numerosity requirement, the Village does not dispute Plaintiff's showing of commonality, and the Court finds that it is satisfied in this case.

### C. Typicality

The claim of a representative party is typical for purposes of Rule 23(a)(3) if it "arises from the same event or practice or course of conduct that gives rise to the claims of other

class members and . . . h[is] claims are based on the same legal theory.'" *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347 (N.D. Ill. 2009) (quoting *Oshana*, 472 F.3d at 514). The Seventh Circuit has explained that "[a]lthough [t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members, the requirement primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (internal quotations omitted). Here, Plaintiff alleges that he and the putative class members were all required to pay an unconstitutional booking fee after being arrested in Downers Grove. The Court finds, and the Village does not dispute, that Plaintiff's claim is typical of the class for purposes of Rule 23(a)(3).

### D. Adequacy of Representation

A court's inquiry into the adequacy of representation under Rule 23(a)(4) "consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). A named plaintiff is an adequate representative as long as he does not have "antagonistic or conflicting claims with other members of the class," and has a "sufficient interest in the outcome to ensure vigorous advocacy." *Baxter v. Kawasaki Motors Corp.*, 259 F.R.D. 336, 342 (N.D. Ill. 2009) (quoting *Lifanda v. Elmhurst Dodge*, No. 99 C 5830, 2001 WL 755189, at *3 (N.D. Ill. July 2, 2001)). Class counsel is adequate if the attorneys are "competent, experienced, qualified and generally able to conduct the proposed litigation vigorously." *Id.*

Plaintiff affirms that he "understands the obligations of a class representative," and contends that "[g]iven the identity of claims between [himself] and the class members, there is no potential for conflicting interests in this action." (Doc. 7, at 7, 8). Plaintiff also notes that he has retained counsel with "extensive experience in class action litigation." (*Id.* at 8 and Exs. D and E). The Village does not dispute any of these propositions, and the Court is satisfied that Plaintiff will adequately represent a class in this case.

## III.    Rule 23(b)(3)

As noted, Plaintiff seeks class certification under Rule 23(b)(3), which requires that "questions [of law] or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Siegel*, 612 F.3d at 935. In determining whether an action is proper under Rule 23(b)(3), courts consider the following factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties in managing a class action.

*Hawkins v. Securitas Sec. Servs. USA, Inc.*, No. 09 C 3633, 2011 WL 5598365, at *6 (N.D. Ill. Nov. 16, 2011). *See also Silversman v. Motorola, Inc.*, 259 F.R.D. 163, 168 (N.D. Ill. 2009). The Village challenges only the predominance requirement.

### A.    Predominance

The predominance requirement of Rule 23(b)(3) is more demanding than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). It "looks to whether the proposed class is 'sufficiently cohesive' to warrant

8

'adjudication by representation.'" *Williams-Green v. J. Alexander's Restaurants, Inc.*, __ F.R.D. __, 2011 WL 3882797, at *9 (N.D. Ill. Sept. 1, 2011) (quoting *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2566). In evaluating this requirement, the Court must "identify 'the substantive issues that will control the outcome, assess[] which issues will predominate, and then determin[e] whether the issues are common to the class.'" *Id.* (quoting *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006)). Where individual issues predominate, class certification is "usually not a superior method for resolving the controversy, since management of such issues by a court will not be efficient." *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 519 (N.D. Ill. 2008).

The Village argues that common issues do not predominate in this case because the class includes individuals who were ultimately convicted of their crimes. Such individuals, the Village insists, "cannot establish, as a matter of law, that their constitutional rights have been violated." (Doc. 29, at 6). In support of this argument, the Village directs the Court to *Payton v. County of Carroll*, 473 F.3d 845 (7th Cir. 2007), in which the plaintiffs challenged the constitutionality of a small "administrative fee for the privilege of posting a 10 percent bond with the sheriff." *Id.* at 846. The district court dismissed the due process counts on the grounds that "charging arrestees a fee in exchange for providing a service simply does not implicate the Constitution." *Id.* at 850. The court noted that "arrestees usually have the alternative of paying their bond to the clerk without the fee . . ., and that arrestees may petition to have their bail reduced." *Id.*

In affirming the dismissal, the Seventh Circuit found it significant that "the system as a whole contain[ed] a number of safeguards against detention of people who c[ould] not afford this fee." *Id.* at 851. For example, detainees had the option of "paying a county clerk

9

(perhaps waiting for that office to open), paying the bond in full, or putting down property as collateral." *Id.* The court observed that "the sheriffs ha[d] a legitimate interest in recouping some of the costs of administering the bail system," and concluded that the plaintiffs had not stated a claim for a deprivation of due process. *Id.* at 852.

The Village interprets *Payton* to mean that arrestees who were ultimately convicted of a crime did not suffer any constitutional injury because "states have a legitimate interest in transferring the costs of [that] crime from municipalities to criminals." (Doc. 29, at 6). From there, the Village posits that "there are a great number of potential plaintiffs" who were convicted of their crimes and have no viable claims, which defeats the predominance requirement. (*Id.*). In making this argument, the Village provides no discussion of *Mathews v. Eldridge*, 424 U.S. 319 (1976), which established the general framework for due process analysis. Nor does the Village explain why its particular booking fee statute provides adequate procedural due process for individuals who were convicted of crimes. In that regard, *Payton* is easily distinguishable from this case because it involved plaintiffs who could avoid paying the administrative fee by choosing different bail options. Here, conversely, Plaintiff and the putative class members had no option but to pay the $30 booking fee.

The Court is not convinced that the putative class "contains a great many persons who have suffered no injury at the hands of the defendant." *Kohen v. Pacific Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009). Indeed, it should be relatively easy to determine who is eligible for inclusion in the class because each arrestee who paid a booking fee was also issued a receipt. (Doc. 7, at 6). *See also Coleman v. County of Kane*, 196 F.R.D. 505, 507, 509 (N.D. Ill. 2000) (certifying "readily identifiable class" of "[a]ll persons who

were detained at the Kane County Jail prior to January 1, 2000, and who were required to pay an $11.00 sheriff's processing fee to secure their release on bond."). To the extent it may turn out that convicted class members are not in fact entitled to relief, the Court has broad discretion to modify the class definition as appropriate, *In re Motorola Sec. Litig.*, 644 F.3d at 518, and the Seventh Circuit has instructed that the need for "separate proceedings of some character" does "not defeat class treatment of the question whether [the Village] violated [the law]." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). *See also Randolph*, 254 F.R.D. at 519.

In sum, Plaintiff has demonstrated that common issues predominate in this case for purposes of Rule 23(b)(3).

**B.     Superiority**

Rule 23(b)(3) also requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." *In re Aqua Dots Prods. Liability Litig.*, 654 F.3d 748, 751 (7th Cir. 2011). Courts have found that "[a] class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually." *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 614 (N.D. Ill. 2009) (quoting *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, 352-53 (N.D. Ill. 2008)). The amount of damages at stake here is extremely small – around $30 per class member – making this case particularly well-suited for class treatment. The Village does not challenge this element of Plaintiff's certification case, and the Court finds that a class action is superior to other methods of adjudicating the putative plaintiffs' claims. *See, e.g., Coleman*, 196 F.R.D. at 509 (class action was superior for plaintiffs who were required to pay a nonrefundable fee to secure pretrial release where they were "unlikely,

11

and probably unable, to pursue individual claims of $11," and "a class action will prevent duplicative trials and promote efficiency of resources.").

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Class Certification [6] is granted.

ENTER:

Dated:  December 16, 2011

_____
SHEILA FINNEGAN
United States Magistrate Judge